IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OLGA L. MOLINA-OLIVO,<br><br>       Plaintiff<br><br>       v.<br><br>EXPERIENCE WORKS, INC.,<br><br>       Defendant | CIVIL NO. 09-1331 (JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss, or in the alternative, for summary judgment (No. 4), filed by Defendant Experience Works, Inc. ("Experience Works").[1]  Also before the Court is Plaintiff Olga Molina-Olivo's ("Molina") motion to voluntarily dismiss the complaint without prejudice (No. 11), as well as Experience Work's opposition thereto (No. 12).  Plaintiff Molina filed the instant lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII"), as well as Puerto Rico law, for Defendant's alleged acts of sex discrimination and retaliation.  For the reasons stated herein, Defendant's motion for summary judgment (**No. 4**) is hereby **GRANTED,** and Plaintiff's motion for dismissal without prejudice (**No. 11**) is hereby **DENIED.**

---

1.   Plaintiff Molina did not file an opposition to Defendant's motion.

CIVIL NO. 09-1331 (JP)            -2-

## I.   **INTRODUCTION**

Plaintiff Molina moves to voluntarily dismiss her claim against Defendant Experience Works pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which requires a party to seek leave of the Court before voluntarily dismissing a claim.  The United States Court of Appeals for the First Circuit has held that "(t)he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced."  Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)).  The district court is responsible under Rule 41 for exercising its discretion to ensure that such prejudice will not occur.  Doe v. Urohealth Sys., 216 F.3d 157, 160 (1st Cir. 2000).  In deciding whether to grant a plaintiff's motion under Rule 41(a)(2), courts generally analyze "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant."  Urohealth Sys., 216 F.3d at 160, quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969).  However, a court need not consider each factor or limit its analysis to these factors only.  Urohealth Sys., 216 F.3d at 160.

CIVIL NO. 09-1331 (JP)            -3-

In the case at hand, Defendant opposes Plaintiff's motion for a voluntary dismissal without prejudice. Defendant argues that Plaintiff's claims should be dismissed with prejudice because Plaintiff filed her notice of voluntary dismissal after Defendant had already filed the instant motion to dismiss or for summary judgment, and had invested a significant amount of resources in preparing for the upcoming Initial Scheduling Conference.

By way of background, Plaintiff filed this case on April 7, 2009 (No. 1). Defendant filed the instant motion to dismiss or for summary judgment on May 7, 2009 (No. 4). On May 8, 2009, the Court set an Initial Scheduling Conference for July 16, 2009 (No. 7). On May 26, 2009, Plaintiff filed a motion for extension of time to file an opposition to Defendant's motion to dismiss (No. 8). The Court granted said motion in part, allowing Plaintiff until June 10, 2009, to file her opposition brief (No. 9). The Court warned Plaintiff that no further extensions would be permitted, and that the Court would consider Defendant's motion as unopposed if Plaintiff failed to file an opposition before the aforesaid deadline (No. 9). On June 9, 2009, Plaintiff filed the instant motion to voluntarily dismiss her complaint without prejudice (No. 11). Plaintiff informed the Court that she has filed a discrimination lawsuit in state court against Defendant, and thus she seeks to dismiss the instant lawsuit.

Defendant filed its opposition that same day, arguing that Plaintiff has not filed her voluntary dismissal in good faith and

CIVIL NO. 09-1331 (JP)        -4-

that she is merely forum-shopping.  Defendant further stated that it has incurred a considerable expense in filing a dispositive motion and preparing for the Initial Scheduling Conference.  Defendant argues that Plaintiff has engaged in a delay tactic to prevent the Court from ruling on Defendant's pending dispositive motion.  Finally, Defendant argues that even if Plaintiff has filed the same complaint in local court, the matter will ultimately be heard in federal court because Plaintiff's suit is based on a federal statute, and her state claims are commingled with the federal issues raised in the lawsuit.  Thus, a dismissal without prejudice would waste the parties' time and judicial resources as well.

In support of its motion, Defendant argues that Plaintiff's complaint should be dismissed with prejudice because Plaintiff cannot demonstrate that she was an employee of Defendant Experience Works.  Because Defendant has attached an affidavit and two supporting documents to its motion, the Court will consider the instant motion under the standard of a motion for summary judgment pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure.  See Fradera v. Municipality of Mayagüez, 440 F.3d 17, 21 (1st Cir. 2006).

This Court has held that legal prejudice occurs if a defendant is voluntarily dismissed when he is entitled to a final judgment of dismissal with prejudice on a summary judgment motion.  González v. José Santiago, Inc., 141 F. Supp. 2d 202, 205 (D.P.R. 2001) (Pieras, J.), internal citations omitted.  The Court has reviewed

CIVIL NO. 09-1331 (JP)          -5-

Defendant's motion for summary judgment and, as discussed below, it finds that Defendant is entitled to a final judgment of dismissal with prejudice on said motion.  As such, Defendant Experience Works would suffer prejudice from a voluntary dismissal without prejudice. Id.

## II. **SUMMARY JUDGMENT STANDARD**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial.  Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990).  Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992).  The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

CIVIL NO. 09-1331 (JP)           -6-

Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2253, 91 L. Ed. 2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Goldman, 985 F.2d at 1116.

### III. **ANALYSIS**

In her complaint, Plaintiff Molina alleges that Defendant Experience Works has violated Title VII; Puerto Rico Act 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185, *et. seq.* ("Law 80"); and Sections 1, 8 and 16 of Article II of the Puerto Rico Constitution, by wrongfully terminating Plaintiff, subjecting her to sexual

CIVIL NO. 09-1331 (JP)          -7-

harassment, and retaliating against Plaintiff. Defendant Experience Works argues that summary judgment should be entered on its behalf because Plaintiff has failed to demonstrate that she was employed by Defendant Experience Works. The Court will now consider Defendant's argument.

### A.   **Plaintiff's Title VII Claims**

Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The statute defines as "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person . . . ." Id. at § 2000e(b). Title VII liability attaches only in the event of a covered employment relationship. Medina v. Adecco, 561 F. Supp. 2d 162, 176 (D.P.R. 2008) (citing Camacho v. P.R. Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004)). The Court refers to common law agency principles to determine whether Title VII "employer" status exists. Medina, 561 F. Supp. 2d at 176 (internal citations omitted). To qualify as an employer under Title VII, an entity must exercise significant control over the terms and conditions of a plaintiff's employment. Id. at 177 (citing Camacho, 369 F. 3d at 574).

CIVIL NO. 09-1331 (JP)          -8-

The United States Court of Appeals for the First Circuit has stated that when considering whether an employment relationship exists, a court should consider the following factors, among others:

> [T]he skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-324 (1992). No one factor is determinative; rather, the Court must weigh all the facts of an employment relationship to determine whether said relationship falls within the confines of an employer-employee arrangement. Id. at 324.

In support of its motion, Defendant Experience Works informed the Court that it is a national, charitable community-based organization that offers training and community service for older workers. No. 5, Ex. 2. It is one of several national organizations that operate the Senior Community Service Employment Program ("SCSEP"). SCSEP is funded by the United States Department of Labor with the intent:

> to foster and promote useful part-time opportunities in community service activities for unemployed low-income persons who are 55 years or older and who have poor employment prospects . . . to foster individual economic self-sufficiency and to increase the number of persons who

CIVIL NO. 09-1331 (JP)            -9-

>     may enjoy the benefits of unsubsidized employment in both
>     the public and private sectors.

42 U.S.C. § 3056(a)(1); 20 C.F.R. § 641.120. Seniors enrolled in SCSEP benefit from training, counseling and community service assignments at a host agency in their community prior to their transition into the workforce. In the instant case, Plaintiff enrolled with Experience Works in December, 2007. Michi McNeace, National SCSEP Director for Experience Works, filed a statement under the penalty of perjury that Plaintiff Molina was assigned to various host agencies as part of her training. No. 5, Ex. 2. Included in said placement was the United States Department of Agriculture Forest Service. Compl. ¶ 7.

The Court is unaware of any First Circuit decisions that directly address the issue of whether a SCSEP program participant has a right to sue under Title VII. However, other courts that have considered the meaning of the term "employee" in legislation substantially similar to SCSEP have held that the program participants are not employees of the sponsoring agency. See <u>Omeli v. Nat'l Council of Senior Citizens</u>, 12 Fed. Appx. 304, 307 (6th Cir. 2001) (holding that the plaintiff could not bring a race or national origin claim under federal or Michigan law because he was a participant in a program for senior citizens sponsored by the Environmental Protection Agency ("EPA") as opposed to an employee of the EPA); <u>Jaffer v. Nat'l Caucus and Center on Black Aged, Inc.</u>,

CIVIL NO. 09-1331 (JP)            -10-

296 F. Supp. 2d 639, 641 (M.D.N.C. 2003) (dismissing plaintiff's Title VII claims against the EEOC because plaintiff was not an employee of the EEOC, but rather a participant in a program for seniors sponsored by the EEOC).

In Daniels v. Browner, the United States Court of Appeals for the Ninth Circuit granted summary judgment in favor of the EPA because "the clear intent of Congress in creating and funding the Senior Environmental Employment Program was to exempt its recipients from the operation of the Age Discrimination in Employment Act." 63 F.3d 906, 909 (1995). With respect to the SCSEP at issue in the instant lawsuit, the Senate Committee on Appropriations Report to the Departments of Labor, Health and Human Services, and Education and Related Agencies Appropriation Bill, 1993, states:

> The Committee reaffirms that participants in the [SCSEP] are enrollees in a work experience program.  They are not employees of the U.S. Department of Labor or State and national sponsors administering the SCSEP.

S. Rep. No. 102-397, at 15 (1992). Likewise, the Senate Committee on Appropriations Report to the Departments of Labor, Health and Human Services, and Education and Related Agencies Appropriation Bill, 1994, states:

> The Committee reaffirms that participants in the [SCSEP] are enrollees in a work and training experience program. They are not employees of the Department of Labor or State and national sponsors administering the SCSEP.

S. Rep. No. 103-143, at 16 (1993).

In the instant lawsuit, Plaintiff Molina signed a Participant Acknowledgment form on November 16, 2007, upon her enrollment with Experience Works. Said form states as follows "I understand that this is not a contract of employment and that I am not an employee of the U.S. Department of Labor or of Experience Works. Rather, I understand that I am a trainee in a Federal employment-training program." No. 5, Ex. 3. Plaintiff indicated on her form that she speaks the English language, therefore there is no question that Plaintiff understood the aforesaid text. Additionally, Plaintiff Molina's charge with the Equal Employment Opportunity Commission ("EEOC") was closed on January 30, 2009, because the EEOC determined that no employer-employee relationship existed. No. 5, Ex. 4.

Considering the facts in the light most favorable to Plaintiff Molina, the Court finds that there is no genuine issue of fact as to whether or not Plaintiff was an employee of Defendant Experience Works – she clearly was not. In drawing this conclusion, the Court considered the Senate Committee language specifically regarding the status of SCSEP participants, Plaintiff's signature on the Participant Acknowledgment form, and the nature of her placement at community hosts while a participant in the SCSEP. By failing to oppose Defendant's motion, even with the extra amount of time allowed by the Court, Plaintiff has not provided the Court with any evidence or argument that she was in fact an employee of Defendant Experience Works. Therefore, the Court concludes that granting summary judgment

CIVIL NO. 09-1331 (JP)          -12-

on behalf of Defendant as to Plaintiff's Title VII claims is warranted.

### B.   Plaintiff's Puerto Rico Law Claims

#### 1.   Law 80

Plaintiff has also brought claims pursuant to Puerto Rico Law 80. The purpose of Law 80 is to protect employees by requiring employers to indemnify them if they are discharged without just cause. P.R. Laws Ann. tit. 29, § 185a *et seq*. As such, under Law 80, a dismissal without just cause is one "made by mere whim or fancy of the employer or without cause relative to the normal operation of the establishment." Id. at § 185b; see Vega v. Wireless, 568 F. Supp. 2d 180, 192 (D.P.R. 2008).

As stated above, Plaintiff has failed to demonstrate that she was an employee of Defendant Experience Works. Therefore, her claims fall outside of the scope of protection of Law 80. The Court grants Defendant's motion for summary judgment as to Plaintiff's Law 80 claims, and will enter a separate judgment dismissing said claims with prejudice.

#### 2.   Constitution of the Commonwealth of Puerto Rico

Plaintiff vaguely claims in the complaint that the actions taken by Defendant violate Sections 1, 8 and 16 of Article II of the Puerto Rico Constitution "which prohibit the termination of an employee." Compl. ¶ 21. Having found that Plaintiff Molina was not an employee of Defendant Experience Works, the Court grants Defendant's motion

CIVIL NO. 09-1331 (JP)          -13-

for summary judgment as to Plaintiff's claims under the Constitution of Puerto Rico.

## IV.  **CONCLUSION**

In conclusion, the Court grants Defendant's motion for summary judgment, and denies Plaintiff's motion for a voluntary dismissal without prejudice.  The Court will enter a separate judgment dismissing Plaintiff's complaint against Defendant Experience Works with prejudice.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 17th day of June, 2009.

                                            s/Jaime Pieras, Jr.
                                            JAIME PIERAS, JR.
                                        U.S. SENIOR DISTRICT JUDGE